IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEITH CHAN,

                Plaintiff,

  v.                                            OPINION and ORDER

KAREN MAY BACDAYAN,
KEVIN C. MCCLANAHAN,                           25-cv-697-jdp
and RE/MAX,

                Defendants.

---

Plaintiff Keith Chan, proceeding pro se, attempts to bring a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO) against three parties, including Re/Max, the owner of his apartment. The court has allowed Chan to proceed without prepayment of any portion of the filing fee. Dkt. 3.

The next step is for me to screen Chan's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Chan cannot proceed with his claims because his complaint violates the Federal Rules of Civil Procedure. I will give him a chance to amend his complaint.

Chan's complaint is exceedingly short. He states only that defendants Re/Max (the owner of his apartment), Kevin C. McClanahan, and Karen May Bacdayan "conspired together, forged the record, and deprived [him] of due process." Dkt. 1, at 1.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. The necessary elements of a RICO claim under 18 U.S.C. § 1962(c) are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994) (quotation omitted). Section 1962(d) makes it unlawful "for any person to conspire to violate the provisions of subsection . . . (c)." To satisfy the enterprise element, the plaintiff must allege an enterprise, which is "an ongoing 'structure' of persons associated through time, joined in purpose, and organized in a manner amenable to hierarchical or consensual decision-making." *Jennings v. Emry*, 910 F.2d 1434, 1440 (7th Cir. 1990) (citations omitted).

Chan's allegations are far too vague to state a RICO claim. He doesn't explain who McClanahan or Bacdayan are, how defendants conspired to harm him other than vague allegations of forgery, or how their actions constituted an "enterprise." Because Chan's allegations violate Rule 8, I will dismiss his complaint and give him a chance to file an amended complaint fixing the problems discussed here. In completing his amended complaint, Chan should also explain this case's connection to the Western District of Wisconsin. Chan gives his current address as in Brooklyn, New York, and he appears to bring claims about that apartment, so it is unclear why he thinks that this court would be the proper venue for this lawsuit.

If Chan fails to submit an amended complaint by the deadline set below, I will dismiss the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Keith Chan's complaint, Dkt. 1, is DISMISSED for failure to comply with the Federal Rules of Civil Procedure.

2. Plaintiff may have until September 25, 2025, to submit an amended complaint fixing the pleading problems noted in the opinion above.

Entered September 4, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge